# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.1:09-cv-2546-WDM-KMT

JAMES J. WEIGEL,

Plaintiff,

v.

BAC HOME LOANS SERVICING, LP, f/k/a/
COUNTRYWIDE HOME LOANS SERVICING, LP,

Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

THIS CAUSE is before the Court upon the Parties' Joint Motion for Protective Order for Confidential Disclosure or Discovery Materials, pursuant to Fed.R.Civ.P. 26(c).

The Court has reviewed the file and is otherwise advised in the premises, and finds there are a potentially significant number of documents to be exchanged in discovery in this case, containing the nonpublic personal information of borrower James J. Weigel and the confidential and propriety information of BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (**Party**, or collectively, **Parties**, and as further defined below) such that document-by-document review of discovery materials will be impracticable if the case is to proceed in an orderly, timely and efficient manner.  The Court further finds the Parties' interests in protecting the non-public personal, confidential and commercially-sensitive information from unnecessary disclosure, and the Parties' desire and the benefit to the Court of an orderly and expeditious

resolution of this matter on its merits, outweigh any societal interest in disclosure of such materials to non-parties.

Thus, after due consideration by the Court and for good cause shown, the Court finds it is appropriate to enter this protective order (**Order**), to expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. Pursuant to the Court's authority under Fed.R.Civ.P. 26(c) and with the consent of the Parties, the Court hereby ORDERS:

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above-styled and numbered case (**Case**) are likely to involve production of trade secrets or other confidential research, developments, or commercial information, within the meaning of Rule 26(c)(1)(G), or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Case would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to confidential treatment. The Parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal. Any Party wishing to file confidential information, as defined below, under seal, must follow the applicable Federal Rules of Civil Procedure and corresponding local rules concerning the procedures that must be followed when a party seeks permission from the Court to file material under seal.

This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this Case. Neither the agreement of the Parties, nor the designation of any Protected Material as "**CONFIDENTIAL**" as set forth in Section 2, below, nor the failure to make such designation shall constitute evidence with respect to any issue in this Case.

**2. DEFINITIONS**

**2.1 Party:** any party to this Case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**2.2 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3 Confidential Information or Items:** information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c), including but not limited to, nonpublic personal information.

**2.4 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5 Producing Party:** a Party or non-party that produces Disclosure or Discovery Materials in this Case.

**2.6 Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "**Confidential**."

**2.7** **Protected Material:** any Disclosure or Discovery Material that is designated as "**Confidential**", including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of such Protected Material.

**2.8** **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Case.

**2.9** **In House Legal Personnel:** attorneys and other personnel who are employed by a Party to perform legal functions and who are responsible for overseeing this Case for the Party.

**2.10** **Counsel (without qualifier):** Outside Counsel and In House Legal Personnel (as well as their support staffs, including attorneys, paralegals, secretaries, law clerks, and investigators).

**2.11** **Expert and/or Consultant:** a person with specialized knowledge or experience in a matter pertinent to the Case, along with his or her employees and support personnel, who have been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Case, and who is not currently an employee. This definition includes a professional jury or trial consultant retained in connection with this Case.

**2.12** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.** **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material. However, this

{DN016549;4}
4

Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

**4. DURATION**

    **4.1 Termination:** The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders otherwise. The final termination of this Case shall not terminate this Order or its terms.

    **4.2 Continuing Jurisdiction of the Court:** This Court shall retain jurisdiction over the Parties and this Order for purposes of compliance with and enforcement of its terms.

**5. DESIGNATING PROTECTED MATERIAL**

    **5.1 Exercise of Restraint and Care in Designating Material for Protection:** Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, item, or oral or written communications that qualify – so that other portions of material, documents, items, or communications for which protection is not warranted are not included within the ambit of this Order.

    **5.2 Manner and Timing of Designations:** Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "**CONFIDENTIAL**" at the top of each page that contains Protected Material.

(b) for testimony given during a deposition, that the Party or non-party offering or sponsoring testimony qualifying as Protected Material identify all such testimony, and further specify any portions of such testimony that qualify as Protected Material either on the record before the close of the deposition, or in writing on or before 30 days after the final transcript is received. Only those portions of the testimony that are appropriately designated as Protected Material within the 30 days shall be covered by the provisions of this Order. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "**CONFIDENTIAL**" as instructed by the Designating Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in electronic or video format, and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or items containing Protected Material is stored the legend "**CONFIDENTIAL**."

**5.3** **Inadvertent Failures to Designate:** If corrected, an inadvertent failure to designate Protected Material as "**CONFIDENTIAL**" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Protected Material. If material is designated as "**CONFIDENTIAL**" after the Protected Material was initially

produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated as Protected Material in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    **6.1** **Timing of Challenges:** A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2** **Meet and Confer:** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone or in person of its challenge and identify the challenged material. The Parties must then meet and confer in good faith. In conferring, each Party must explain the basis for its respective positions about the propriety of the challenged confidentiality designations. The Parties have 10 days from the initial notification of a challenge to complete this meet and confer process.

    **6.3** **Judicial Intervention:** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under the applicable rules of this Court that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

In the event the Court rules that the challenged material is not confidential or that its designation should be changed, the Designating Party shall, at the expense of the Designating Party, reproduce copies of all materials with their designations removed or changed in accordance with the ruling, within 10 days of the ruling, or within such other time period as the Court may order.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1 Basic Principles:** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party ONLY for prosecuting, defending, or attempting to settle this Case. Such Protected Material may be disclosed ONLY to the categories of persons and under the conditions described in this Order. When the Case has been terminated, a Receiving Party must comply with the provisions of Section 11, below (**FINAL DISPOSITION**).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of Protected Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material ONLY to:

(a) the Receiving Party's Outside Counsel of record in this Case, as well as employees of said Counsel to whom it is reasonably necessary to disclose the Protected Material for this Case;

(b)  the individual Receiving Party himself, or, where applicable, the current or former officers, directors, and employees (including In House Legal Personnel) of the Receiving Party, to whom disclosure is reasonably necessary for this Case and who have signed the "**Acknowledgment And Agreement To Be Bound**" (**Acknowledgment**) (**Exhibit A**);

(c) Experts and/or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Case and who have signed the Acknowledgment;

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Case;

(f)  the author, addressees, or recipients of the Protected Material, or any other natural person who would have likely reviewed such Protected Material during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the Protected Material, or whose conduct is purported to be specifically identified in the Protected Material;

(g)  any other person to whom the Designating Party agrees in writing or on the record, and any other person as may be ordered by the Court.

**7.3**  **Retention of Exhibit A:**  Outside Counsel for the Party that obtains the signed copies of the Acknowledgment (**Exhibit A**), as required above, shall retain them for one year following the final termination of this Case, including any appeals.  Said Acknowledgments shall not be discoverable, except upon agreement of the Parties, by order of the Court upon motion for good cause shown, or as provided for elsewhere in this paragraph.  If a Designating Party learns that a Receiving Party has disclosed Protected Material to an individual, the Designating Party may seek, and the Receiving Party shall provide, confirmation that such individual has executed

an Acknowledgement. The Acknowledgement shall be discoverable in any dispute regarding an individual's compliance with this Order.

**7.4** **Retention of Protected Material:** Persons who have been shown Protected Material pursuant to Section 7.2(b), (f) or (g) of this Order shall not retain copies of such Protected Material.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER CASES OR PROCEEDINGS**

If a Receiving Party is served with a discovery request, subpoena or an order issued in any other case or proceeding, whether judicial or non-judicial in nature, including, but not limited to arbitration proceedings or any other dispute resolution mechanism or proceeding, or by any governmental or quasi-governmental agency or body, (**Proceeding**) that would compel disclosure of any Protected Material designated in this Case as "**CONFIDENTIAL**," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

The Receiving Party also must immediately inform in writing the Party who caused the discovery request, subpoena or court order to issue in the other Proceeding that some or all the material covered by the discovery request, subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other Proceeding that caused the discovery request, subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Case an opportunity to try to protect its confidentiality interests in the Proceeding from which the discovery request, subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of

{DN016549;4}
10

its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Case to disobey a lawful directive issued in another Proceeding, or as requiring a Receiving Party to resist or oppose disclosure pursuant to such discovery request, subpoena or order.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute an Acknowledgment.

## 10. FILING PROTECTED MATERIAL

A Party may not file in the public record in this Case any Protected Material without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons. A Party that seeks to file under seal any Protected Material must comply with the applicable rules of this Court.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this Case, including any appeals, each Receiving Party must return all Protected Material to the Producing Party. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by

category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (**DURATION**), above.

12. **INADVERTENTLY PRODUCED DOCUMENTS**

Inadvertent production of a privileged document shall not operate as a waiver of a valid privilege or immunity in this Case or any other Proceeding. *See* Fed.R.Evid.R. 502. If a Party claims to have inadvertently or unintentionally produced a privileged document, it shall notify each Party who received the document as soon as practicable after discovering that the document had been produced. Upon receipt of such a notification or inadvertent production, the Receiving party shall return the document and all copies of it to the Producing Party or destroy the document and all copies of it within 7 business days. Moreover, to the extent practical and reasonable, any notes or summaries, other than those expressly permitted under this section referring to or relating to any such inadvertently produced Protected Material subject to a claim of immunity or privilege shall be destroyed.

If the Receiving Party disputes the claim of privilege as to such document, the Parties shall meet and confer promptly to attempt to resolve the issue and, if no resolution is reached, shall prepare a joint written submission to the Court concerning the dispute, to be submitted within 10 business days after notification that the claim of privilege is being disputed. The Party asserting privilege of such document shall retain such document pending resolution of the

dispute by the Court. Until the dispute is resolved, such document may not be used for any other purpose in the Case.

13. **PUBLICLY KNOWN OR LEGALLY OBTAINED INFORMATION**

Nothing in this Order shall be construed (a) as preventing a Party from using or continuing to use any information that is or becomes publicly known, or (b) as preventing a Party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party, or (c) as limiting a Party's use of its own documents. Should a dispute arise as to any specific information, the Party claiming that such information is or was publicly known or was lawfully obtained through discovery of the Producing Party shall have the burden of proving its claim.

14. **ATTORNEY RENDERING ADVICE**

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Protected Material in rendering such advice, provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

15. **DISPOSITIVE MOTION HEARINGS AND TRIAL**

The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The Parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

Any Party or person producing the Protected Material may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Protected Material and, if so, what protection, if any, may be afforded to such information at the trial.

**16. MISCELLANEOUS**

**16.1 Third Parties:** The terms of this Order shall be applicable to any third party that produces information that is designated by such third party as Protected Material. Nothing in this paragraph permits a Party to designate as Protected Material any information produced by a third party that the third party did not itself designate as Protected Material.

**16.2 Right to Further Relief:** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**16.3 Right to Assert Other Objections:** By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. Nothing in this Order shall be construed as an agreement or admission with respect to the competency, relevance or materiality of any such information, document or the like.

**16.4 Effective Immediately:** The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

**16.5 Fed.R.Civ.P. 26(c)(7) Certification: Outside Counsel certify that any information designated by a Party as "Confidential" has been first reviewed by them, and that such designation is based on their good faith belief that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c)(7), and the standards set out for blanket protective orders in** *Gillard v. Boulder Valley School District***, 196 F.R.D. 382 (D. Colo. 2000).**

IT IS SO STIPULATED,

| | |
|---|---|
| s/ Cara F. Thornton | s/ Victoria E. Edwards |
| Charles B. Hecht | Justin D. Balser |
| Cara F. Thornton | Victoria E. Edwards |
| HAMIL/HECHT LLC | AKERMAN SENTERFITT LLP |
| 140 East 19th Avenue, Suite 600 | The Kittredge Building |
| Denver, CO 80203 | 511 Sixteenth Street, Suite 420 |
| Telephone (303) 830-1383 | Denver, CO 80202 |
| checht@h-hllc.com | Victoria.edwards@akerman.com |
| cthornton@h-hllc.com | |
| | |
| *Attorneys for Plaintiff James J. Weigel* | *Attorneys for Defendant BAC Home Loans Servicing, LP* |

Dated this 12th day of April, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

{DN016549;4}
15

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read and understand the Protective Order that was issued in *Weigel v. BAC Home Loans Servicing, LP*, Civil Action No. 09-cv-2546-WDM-KMT, United States District Court, District of Colorado.

I agree to comply with, and to be bound by, all the terms of the Protective Order and I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

Date: _____

City and State (or County) where sworn and signed: _____

Printed name: _____

Signature: _____