IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02546–WDM–KMT

JAMES J. WEIGEL,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP,

    Defendant.

## **ORDER**

    This matter is before the court on "Plaintiff's Unopposed Motion for Leave to File First Amended Complaint and Jury Demand." (Doc. No. 62, filed July 8, 2010.) In his Motion, Plaintiff seeks to amend his Complaint to assert additional claims against current Defendant BAC Home Loans Servicing for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* violations of the Colorado Consumer Protection Act, and for breach of good faith and fair dealing. Plaintiff also seeks to assert claims against a new defendant, Deutsches Bank National Trust Co. Defendant does not oppose the requested relief.

    Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

On June 9, 2010, this court granted Plaintiff's Motion to Amend the Case Schedule (Doc. No. 58, filed June 7, 2010) and extended the deadline for amendment of pleadings and joinder of parties to July 8, 2010. (*See* Minute Order, Doc. No. 60.) Accordingly, Plaintiff's Motion is timely. Moreover, this case is in the relatively early stages of litigation. Finally, upon review of Plaintiff's Motion and his proposed First Amended Complaint the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff's Unopposed Motion for Leave to File First Amended Complaint and Jury Demand" (Doc. No. 62) is **GRANTED**.  The Clerk of Court is directed to file Plaintiff's "First Amended Complaint and Jury Demand" (Doc. No. 62–1).

Dated this 9th day of July, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge